Filed 9/3/24  P. v. Guerra CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DANNY MONTANA GUERRA,<br><br>     Defendant and Appellant. | E083151<br><br>(Super.Ct.No. FSB251264)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Danny Montana Guerra, in pro. per.; and Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Danny Montana Guerra appeals the denial of his request for resentencing under Penal Code section 1170.91, subdivision (b).[1]  After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Guerra filed his own supplemental brief.  We affirm.

BACKGROUND

In 1980 Guerra was convicted of first degree murder, attempted murder, robbery, and two counts of kidnapping.

In 2023 Guerra petitioned for resentencing under section 1170.91, subdivision (b).  In 2024 the trial court denied Guerra's petition because his convictions rendered him statutorily ineligible for resentencing under that provision.  Guerra appealed.

ANALYSIS

On Guerra's request, we appointed counsel to represent him on appeal.  Counsel filed a brief declaring she found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant has no constitutional right to independent review under *Anders/Wende*[2] if appellate counsel cannot identify any arguable issues.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 227, 231.)  Nevertheless, the court must inform the defendant that he may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid*.) Here, after appellate counsel filed a brief notifying us Guerra's appeal presented no arguable issues, we offered Guerra an opportunity to file a personal supplemental brief, and he did.

Section 1170.91, subdivision (b), allows "[a] person currently serving a sentence for a felony conviction . . . who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service," to "petition for a recall of sentence . . . to request resentencing if the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing."

There is an exclusion, however. Subdivision (c) of that same section states "[t]his section does not apply to a person convicted of, or having one or more prior convictions for, an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.91, subd. (c).) This "carve-out" provision excludes those convicted of certain felonies, often called super-strikes, from seeking the relief section 1170.91, subdivision (b), offers. Such super-strikes include, for instance, "[a]ny homicide offense, including any attempted homicide offense." (§ 667,

3

subd. (e)(2)(C)(iv)(IV).)  Because Guerra was convicted of murder and attempted murder, he is therefore ineligible for relief.

Guerra argues this carve-out provision's reference to section 667, subdivision (e)(2)(C)(iv), is ambiguous.  That subdivision is part of a section with criminal history enhancements, so it does not merely list felonies but contains an introductory clause that refers to defendants who "suffered a *prior* serious or violent felony conviction . . . for any of the following felonies."  (§ 667, subd. (e)(2)(C)(iv), italics added.)  According to Guerra, this means that the section 1170.91, subdivision (c), carve-out applies only to recidivists, who were convicted of one of the specified crimes *prior* to the conviction they now seek resentencing on.

This argument is unavailing.  Section 1170.91, subdivision (c), applies to the convictions listed under section 667, subdivision (e)(2)(C)(iv), not the introductory language of that subdivision.  Section 1170.91, subdivision (c), excludes "a person convicted of, *or* having one or more prior convictions for, an offense specified," in section 667, subdivision (e)(2)(C)(iv).  (§ 1170.91, subd. (c), italics added.)  That language makes clear that it is the list of felonies in the latter subdivision that matters: whether the defendant is "convicted of" one or has a "prior" conviction for one.  When section 667, subdivision (e)(2)(C)(iv), applies directly it applies only to prior convictions, but that is irrelevant to how section 1170.91, subdivision (c), incorporates it.  There is no ambiguity here.

4

Accordingly, we agree with the trial court that Guerra is statutorily ineligible for relief under section 1170.91 and affirm its order denying his petition.

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL                    
                                                                        J.

We concur:


RAMIREZ                    
                    P. J.

MILLER                    
                    J.